IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**AARON DAVIS,**　　　　　　　　　　　　　　　CASE NO. 3:22 CV 614

　　　　Plaintiff,

　　　　v.　　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**TYLER W.A. DUNCAN, et al.,**

　　　　Defendants.　　　　　　　　　　　　　**ORDER**

Introduction and Background

　　　　Currently pending before the Court is Plaintiff Aaron Davis's Motion and Supplemental Motion for Rule 54(b) Certification of Final Judgment as to Dismissed Defendants. (Docs. 64, 66). No Defendant has filed any opposition to the Motion or Supplemental Motion, and the period in which to do so has expired. L.R. 7.1(d). For the reasons set forth below, the Court grants Plaintiff's Motion and enters final judgment pursuant to Federal Civil Rule 54(b) as to the claims against the County Defendants (Marion County, Hardin County, Dale Osborn, Brandon Taylor, and the Marion-Hardin Corrections Commission).

　　　　By way of brief background, this case involves the April 17, 2020, alleged use of excessive force by former Correctional Officer Tyler W.A. Duncan against Plaintiff while Plaintiff was incarcerated at the Multi-County Correctional Center ("MCCC"). *See* Doc. 1. In his Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 for excessive force and unreasonable seizure in violation of the Fourth Amendment (Count One) and for failure to protect under the Eighth Amendment (Count Two). *Id.* at 10-12. He separately brought a claim against Dale Osborn (Executive Director of MCCC) in his individual capacity for supervisory liability under 42 U.S.C.

§ 1983 alleging deliberate indifference in violation of the Eighth Amendment (Count Three). Finally, Plaintiff brought a *Monell* claim against the Counties and MHCC (Count Four). *Id.* at 10-11, 12-15.[1] The County Defendants (i.e., all Defendants except Duncan) moved for summary judgment. (Doc. 53). This Court granted the motion in its entirety. (Doc. 62). In that opinion, the Court determined Plaintiff had not demonstrated a material question of fact regarding his Eighth Amendment deliberate indifference claim, his supervisory liability claim against Defendant Osborn, or his *Monell* claims against the entity Defendants on failure to train, negligent hiring or supervision, or pattern or practice theories of liability. *See id.* Duncan did not move for summary judgment. Duncan was previously convicted, on a guilty plea, of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) as a result of the incident at issue. *See State of Ohio v. Duncan*, No. 2020 CR 0237 (Marion Cnty. Ct. of C.P.).

Rule 54 Standard

Federal Civil Rule 54(b) provides:

> (b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Proper certification under Rule 54(b) is a two-step process." *EJS Props., LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012). "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district

---

1. Plaintiff also originally brought, but later abandoned, claims against MCCC employee Brandon Taylor. *See* Doc. 62, at 11-12.

2

court must expressly determine that there is no just reason to delay appellate review." *Id.* (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). The Sixth Circuit has set forth a "nonexhaustive list of factors" for a court to consider when deciding whether to certify a claim under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (quoting *Allis-Chalmers v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). "Rule 54(b) is not to be used routinely, or as a courtesy or accommodation to counsel." *Id.* at 1282 (internal citations omitted). And, "[t]he power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice." *Id.* (quoting *Panichella v. Penn. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958)).

Analysis

Starting with the first step of the Rule 54(b) analysis, the Court finds there has been a final judgment as to one or more but fewer than all claims in this case. The Court has granted summary judgment to the five County Defendants on all claims against them. *See* Doc. 62. Remaining only is the claim against individual Defendant Tyler Duncan, the former correctional officer who is alleged to have used excessive force.

Turning to the second step of the Rule 54(b) analysis, which asks whether there is "no just reason for delay," the Court finds the balance of factors weighs in favor of certification here. First, although the adjudicated and nonadjudicated claims are related in that they arise out of the same

3

April 17, 2020, use of force incident and thus have some factual overlap, they are legally distinct. The adjudicated *Monell* and supervisory liability claims were based on facts relating to institutional policies and customs (allegedly inadequate training, negligent hiring and supervision, and a pattern of similar incidents) and a supervisor's knowledge, whereas the remaining claim against Duncan individually centers on Duncan's own conduct during the specific use-of-force incident. Because the Court resolved the *Monell* and supervisory liability claims in favor of Defendants, the question of whether Duncan violated Plaintiff's Constitutional rights stands alone both legally and procedurally. The Court finds that although there is certainly some modest factual overlap, the legal issues are sufficiently distinct to justify certification in balance with the remaining factors. Second, the need for review of supervisory liability or *Monell* liability will not be mooted by future developments regarding the remaining claims against Duncan in this Court. Plaintiff indicates he will appeal the Court's order granting judgment to the County Defendants regardless of the outcome of the remaining claim pending against Duncan. *See, e.g.*, *Grote v. Kenton Cnty.*, 85 F.4th 397, 414 (6th Cir. 2023) ("[I]t is proper to consider possible constitutional violations committed by a municipality *qua* municipality even in the absence of a showing of a constitutional violation by any one individual officer.").[2] Third, if the Court certifies a final judgment as to the County Defendants, the Circuit Court will not have to consider the same issue a second time. Appellate review of the claims against the County Defendants at this stage will involve, as stated, questions of institutional policy and custom and of the sufficiency of the evidence presented at the summary judgment stage. A post-trial appeal of Duncan's liability will turn on just that, Duncan's personal liability (and any trial-related disputes). Fourth, no set-off or counterclaims are at issue here.

---

2. Moreover, given the criminal felonious assault conviction against Duncan arising out of the same incident alleged to be excessive force here, the Court finds it unlikely that a jury would find Duncan did not use excessive force.

Finally, the Court is to consider miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, etc. The Court finds this final factor tips the balance in favor of certification here. This case is in an unusual procedural posture, where all but the alleged individual constitutional tortfeasor have been granted summary judgment and there has been no assertion of qualified immunity by that individual.[3] Thus, to obtain a final judgment on all claims in the instant case absent certification, Plaintiff must proceed to trial against Duncan on the sole remaining claim. Plaintiff contends this would result in economic hardship, "namely, the prospect of an expensive, duplicative trial." (Doc. 66, at 16). If the Court does not certify its prior decision, Plaintiff, a former prisoner bringing suit against a correctional officer who has been criminally convicted of assault, will be required to bear the expense of a trial against the individual Defendant before bringing any appeal of the dismissed *Monell* claims. And should he be successful on the appeal of those claims, he will then be required to bear the expense of a second trial. Certification will permit final adjudication of the claims against the County Defendants and then allow for either a joint trial on the individual excessive force issue and any remanded issues, or simply streamline a single trial on the excessive force claim. In sum, this Court finds the above case is "the infrequent harsh case" in which departure from the general rule against piecemeal appeals is justified.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion and Supplemental Motion for Rule 54(b) Certification of Final Judgment (Docs. 64, 66), be and the same hereby are, GRANTED; and it is

---

3. Duncan did not move for summary judgment or assert a qualified immunity argument prior to this Court's November 8, 2024, dispositive motion deadline.

FURTHER ORDERED that, there being no just reason for delay, final judgment is entered in favor of Defendants Marion County, Hardin County, Dale Osborn, Brandon Taylor, and the Marion-Hardin Corrections Commission on all claims against them as set forth in the Court's prior Memorandum Opinion and Order. (Doc. 62).

IT IS SO ORDERED.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2025